UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVEL 12 PRODUCTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MEDIAITE, LLC, <br><br> Defendant. | Case No. <br><br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Level 12 Productions, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Mediaite, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff owns the rights to certain video recordings which Plaintiff licenses for various uses including online and print publications.

3. Defendant is a media company which owns and operates a website at domain www.mediaite.com (the "*Website*").

4. Defendant disseminates the content on its Website via third-party web platforms which further display Defendant's Website content (the "*Third-Party Website*")

5. Defendant, without permission or authorization from Plaintiff, actively displayed and/or caused to be displayed Plaintiff's video(s) on its own Website as well as on the Third-Party Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff, Level 12 Productions, LLC is a New York limited liability company and

maintains its principal place of business in Wayne County, Michigan.

7. Upon information and belief, Defendant, Mediaite, LLC, is a Delaware limited liability company with a principal place of business at 1261 Broadway, Suite 606, Manhattan in New York City, New York.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

10. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.     Plaintiff's Copyright Ownership**

11. Plaintiff is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

12. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

14. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

15. On August 27, 2023, Brendan Gutenschwager ("*Gutenschwager*") first published a video of a protest outside Gracie Mansion in New York City, New York. ("*Video 1*"). A copy of a still frame image from Video 1 is attached hereto collectively as Exhibit 1.

16. In creating Video 1, Gutenschwager personally selected the subject matter, timing,

2

lighting, angle, perspective, depth, lens and camera equipment used to create the video recording.

17.     On October 31, 2023, Video 1 was registered by the USCO under Registration No. PA 2-437-270.

18.     On April 29, 2023, Brendan Gutenschwager ("*Gutenschwager*") first published a video of John Roger Stephens p/k/a John Legend and Christine "Chrissy" Diane Teigen walking through a protest in Washington D.C. on route to the White House Correspondents' Dinner. ("*Video 2*"). A copy of a still frame image from Video 2 is attached hereto collectively as Exhibit 1.

19.     In creating Video 2, Gutenschwager personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to create the video recording.

20.     On May 5, 2023, Video 2 was registered by the USCO under Registration No. PA 2-432-309.

21.     Gutenschwager created Video 1 and 2 with the intention of them being used commercially and for the purpose of display and/or public distribution.

22.     Plaintiff acquired all rights in and to Video 1 and 2 by way of written assignment.

23.     All of the individual videos herein listed above are referred to throughout the balance of this Complaint as the "Videos".

**B.     Defendant's Infringing Activity**

24.     Upon information and belief, Defendant is the registered owner of the Website and is responsible for its content.

25.     Upon information and belief, Defendant is the operator of the Website and is responsible for its content.

26.     The Website is a key component of Defendant's popular and lucrative commercial enterprise.

27.     The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

28.     The Website is monetized in that it offers subscription services to the public and,

upon information and belief, Defendant profits from these activities.

29. On or about August 27, 2023, Defendant displayed Video 1 on the Website as part of an on-line story at URL: https://www.mediaite.com/news/move-back-massive-brawl-breaks-out-at-curtis-sliwas-anti-immigration-rally-in-new-york-city/ ("*Infringement 1*"). A copy of a screengrab of the Website including the same still frame image from Video 1 is attached collectively hereto in Exhibit 2.

30. Plaintiff first observed and actually discovered Infringement 1 on August 28, 2023.

31. Further, Defendant displayed and/or caused to be displayed Video 1 on the Third-Party Website at URL: https://www.msn.com/en-us/news/us/move-back-massive-brawl-breaks-out-at-curtis-sliwa-s-anti-immigration-rally-in-new-york-city/ar-AA1fQZ90 ("*Infringement 2*"). A copy of a screengrab of the Third-Party Website including the same still frame image from Video 1 is attached hereto collectively as Exhibit 2.

32. Without permission or authorization from Plaintiff, Defendant volitionally displayed and/or caused to be displayed Plaintiff's copyright protected Video 1 on the Website and Third-Party Website

33. On or about May 1, 2023, Defendant displayed Video 2 on the Website as part of an on-line story at URL: https://www.mediaite.com/radio/i-can-see-underwear-megyn-kelly-blasts-chrissy-teigen-for-elitism-at-fake-stupid-wh-correspondents-dinner/#:~:text=%E2%80%9CI%20can%20see%20underwear%2C%20ok,just%20don%27t%20do%20it. ("*Infringement 3*"). A copy of a screengrab of the Website including the same still frame image from Video 2 is attached collectively hereto in Exhibit 2.

34. Plaintiff first observed and actually discovered Infringement 3 on May 12, 2023.

35. Without permission or authorization from Plaintiff, Defendant volitionally displayed Plaintiff's copyright protected Video 2 on the Website.

36. Upon information and belief, each of Plaintiff's Videos were displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Videos (hereinafter all of the unauthorized uses set forth above are referred to as the

4

"*Infringements*").

37. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5)*.

38. The Infringements are exact copies of the vast majority of Plaintiff's Videos that were displayed by Defendant on the Website.

39. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Videos.

40. Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors, and editors as its agents, including but not limited to Phillip Nieto and Charlie Nash whereby Defendant's Website lists both as "Writers" (the "*Employees*").

41. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

42. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

43. Upon information and belief, the Videos were willfully and volitionally posted and/or caused to be posted to the Website and Third-Party Website by Defendant.

44. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

45. Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

46. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the

basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

47. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

48. Upon information and belief, the Videos are readily identifiable as copyright protected as they both contain a copyright watermark on the videos recordings, thereby making Defendant's Infringements willful as a matter of law.

49. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website as well as the Third-Party Website and exercised and/or had the right and ability to exercise such right.

50. Upon information and belief, Defendant monitors the content on its Website.

51. Upon information and belief, Defendant monitors the content on the Third-Party Website.

52. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

53. Upon information and belief, the Infringements increased traffic to the Website as well as the Third-Party Website and, in turn, caused Defendant to realize an increase in the revenues generated via Defendant's paid advertisements and/or subscription services as well as brand recognition.

54. Upon information and belief, a large number of people have viewed the unlawful displays of the Videos on the Website and Third-Party Website.

55. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

56. Defendant's use of the Videos harmed the actual market for the Photograph.

57. Defendant's use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

58. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

59. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

60. The Videos are each original, creative works in which Plaintiff owns a valid copyright.

61. The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

62. Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

63. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

64. Defendant's reproduction of the Videos and display of the Videos constitutes willful copyright infringement.

65. Upon information and belief, Defendant willfully infringed upon Plaintiff's Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and/or otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority, by using them on the Website.

66. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

67. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs

pursuant to 17 U.S.C. § 505 from Defendant.

68.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringements of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### *(Contributory Copyright Infringements)*

69.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

70.     Video 1 was improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed by Defendant via the Third-Party Website, thereby violating one of Plaintiff's exclusive rights in its copyrights.

71.     Defendant herein has caused, enabled, facilitated and materially contributed to Infringement 2 by providing Video 2 for use on the Third-Party Website.

72.     Defendant has directly and indirectly promoted Infringement 2 and refused to exercise its ability to stop Infringement 2 made possible by its distribution.

73.     Defendant has a continuing relationship with the owner and/or operator of the Third-Party Website after distribution of Infringement 2 and, thus, Defendant's actions substantially contributed to the infringing activity. For example, Defendant maintains a recurring presence on the Third-Party Website and continues to provide its Website content for display on the Third-Party Website.

74.     Defendant's actions show a relationship to the infringing activity beyond just mere operation of a website business. Specifically, Defendant uses the Third-Party Website to amplify its Website content and increase brand recognition.

75.     Defendant is liable as a contributory infringer since it had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct.

76.     Defendant's conduct and contributory infringement is and has been willful,

intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff.

77. Upon information and belief, Defendant willfully contributorily infringed upon Plaintiff's copyrighted Video 1 in violation of Title 17 of the U.S. Code.

78. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to Infringement 2 as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for Infringement 2 pursuant to 17 U.S.C. § 504(c).

79. As a result of the Defendant' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

80. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

81. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Videos by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each Infringement

        pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: January 2, 2024

**SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129061

*Attorneys for Plaintiff*